OPINION OF THE COURT
Memorandum.
Order reversed, without costs, and order of Supreme Court granting plaintiff summary judgment reinstated. Plaintiff contractor and defendant city were entitled, unquestionably, to engage the Dean Company as a common agent (see Restatement, Agency 2d, § 392; 2 NY Jur, Agency, § 205). Indeed, according to the stipulation of agreed facts, the original proposal by Dean to plaintiff contemplated a common agency: Dean, with its own funds, was to purchase bonds on behalf of plaintiff and, in exchange for the cash retained by the city under the construction contract, deposit the bonds with the city (see, generally, General Municipal Law, § 106). Also according to the stipulation of agreed facts, however, the city subsequently changed the arrangement by designating Dean to hold, as well as purchase, the bonds. Having thereby extended the agency of Dean beyond the original arrangement, thus enabling Dean to convert the cash retainage to its own use, the city must bear the loss.
In an appropriate case it would be desirable, arguably, as commentators have suggested, to distribute equitably between principals the loss brought about by a common agent’s embezzlement (see Restatement, Agency 2d, § 313, Caveat, Comment on Caveat; Seavey, Embezzlement by Agent of two Principals: Contribution? 64 Harv L Rev 431, 433-436). But then the loss must arise from the agreed common agency, a *863 conclusion the present stipulation of agreed facts does not permit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.